UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2025 APR -8 PM 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

NICHOLAS PELLEGRINO,

Plaintiff,

v.

BECTON, DICKINSON AND COMPANY (BD),

CEDRIC GUTIERREZ,

KASSANDRA GARCIA,

JON GARCIA,

AND OTHER UNKNOWN DEFENDANTS,

Defendants.

Case No.: [To be Assigned]

COMPLAINT FOR DEFAMATION, CIVIL CONSPIRACY, FALSE ADVERTISING, NEGLIGENCE, OBSTRUCTION OF JUSTICE, INTIMIDATION, UNINVESTIGATED THEFT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VICARIOUS LIABILITY FOR LIBEL

JURY TRIAL DEMANDED

I. INTRODUCTION

1. Plaintiff Nicholas Pellegrino brings this action against Defendants for defamation, harassment, intimidation, obstruction of justice, and negligence resulting in severe reputational and emotional harm.

2. Defendant Cedric Gutierrez, an employee of Becton, Dickinson and Company (BD), used a company-issued work phone to send defamatory and racially charged messages on Martin Luther King Jr. Day (January 20, 2025).

3. These messages falsely labeled Plaintiff as a "deadbeat," "leech," "broke bitch," and "pedophile," constituting defamation per se under Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974).

4. BD failed to prevent or address this misconduct, despite its corporate motto "We Do What Is Right," making its advertising deceptive under the Lanham Act (15 U.S.C. § 1125(a)).

5. Defendant Kassandra Garcia, a licensed social worker and the aunt of Cedric Gutierrez, unlawfully interfered with investigations, constituting obstruction of justice under 18 U.S.C. § 1503.

6. Defendant Jon Garcia intimidated Plaintiff in an effort to silence his pursuit of justice.

7. Law enforcement failed to properly investigate theft, burglary, and property loss related to the events in this complaint.

8. As a direct result of Defendants' actions, Plaintiff suffered severe emotional distress, loss of reputation, and financial hardship.

9. Plaintiff seeks $250 million in damages, with punitive damages to be determined at trial.

## II. PARTIES

10. Plaintiff: Nicholas Pellegrino, a resident of Salem, Massachusetts.

11. Defendant: Becton, Dickinson and Company (BD), headquartered in Franklin Lakes, New Jersey.

12. Defendant: Cedric Gutierrez, an employee of BD and a Massachusetts resident.

13. Defendant: Kassandra Garcia, a licensed social worker involved in obstructing investigations.

14. Defendant: Jon Garcia, who engaged in intimidation tactics against Plaintiff.

15. Alexia Gagne-Pellegrino (Wife) & Other Unknown Defendants whose identities will be determined through discovery.

## III. JURISDICTION AND VENUE

16. This Court has jurisdiction under:

• 28 U.S.C. § 1331 (Federal Question Jurisdiction)

• 28 U.S.C. § 1332 (Diversity Jurisdiction)

17. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because the events occurred in this district.

## IV. FACTUAL ALLEGATIONS

18. On January 20, 2025, Cedric Gutierrez used his BD-issued work phone to send defamatory and racially charged messages.

19. BD failed to discipline or prevent this misconduct, despite its corporate ethics policy.

20. Kassandra Garcia, a licensed social worker, interfered in legal investigations, preventing justice.

21. Jon Garcia attempted to intimidate Plaintiff into silence.

22. Local law enforcement neglected to investigate related theft and burglaries.

23. Plaintiff's witness, Edward Gilin, can testify to the events and harm suffered by Plaintiff.

## V. CAUSES OF ACTION

COUNT 1 – Defamation Per Se (Against Cedric Gutierrez and BD)

24. Cedric Gutierrez made knowingly false statements, including allegations of criminal behavior, damaging Plaintiff's reputation.

25. BD is liable for its employee's actions under respondeat superior liability.

COUNT 2 – Civil Conspiracy (Against Cedric Gutierrez, Kassandra Garcia, and Jon Garcia)

26. Defendants engaged in a coordinated effort to harass, defame, and obstruct justice against Plaintiff.

COUNT 3 – False Advertising (Lanham Act, 15 U.S.C. § 1125(a)) (Against BD)

27. BD falsely markets itself as a company that upholds justice while failing to address misconduct by its employees.

COUNT 4 – Negligence & Negligent Supervision (Against BD)

28. BD failed to prevent its employee from engaging in harassment and defamation.

COUNT 5 – Obstruction of Justice (18 U.S.C. § 1503) (Against Kassandra Garcia)

29. Kassandra Garcia used her position as a social worker to interfere in legal investigations.

COUNT 6 – Intimidation (Against Jon Garcia)

30. Jon Garcia engaged in threatening behavior in an attempt to prevent Plaintiff from pursuing justice.

COUNT 7 – Uninvestigated Theft & Burglary (Against Law Enforcement Agencies and Unknown Defendants)

31. Multiple thefts and burglaries tied to this case were ignored by authorities.

COUNT 8 – Intentional Infliction of Emotional Distress (Against All Defendants)

32. Defendants' conduct caused Plaintiff severe emotional distress under Agis v. Howard Johnson Co., 371 Mass. 140 (1976).

COUNT 9 – Vicarious Liability for Libel (Against BD)

33. Becton, Dickinson and Company (BD) is vicariously liable for the libel committed by its employee, Cedric Gutierrez, under the doctrine of respondeat superior.

34. Cedric Gutierrez, acting within the scope of his employment with BD, sent defamatory messages about Plaintiff Nicholas Pellegrino, which were published to others and were damaging to Plaintiff's reputation.

35. BD had a duty to ensure that its employees did not engage in harmful and unlawful activities while representing the company. However, BD failed to take appropriate action to prevent or address Cedric Gutierrez's defamatory actions.

36. As a direct result of the defamatory statements made by Cedric Gutierrez, BD is vicariously liable for the harm caused to Plaintiff's reputation and emotional well-being.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff seeks:

1. $250 million in damages for defamation, negligence, and emotional distress.

2. Punitive damages to be determined at trial.

3. A public apology from BD for failing to prevent workplace harassment.

4. A court order compelling BD to revise its employee conduct policies.

5. Criminal referrals for obstruction of justice and intimidation.

6. Any additional relief the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Nicholas Pellegrino

6 Chandler St, Apt #1

Salem, MA 01790

Phone: (617) 579-6762

Email: npellegrino0723@gmail.com