UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NICHOLAS PELLEGRINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-10861-MJJ |
| | ) | |
| BECTON, DICKINSON AND | ) | |
| COMPANY (BD), et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

June 2, 2025

JOUN, D.J.

Plaintiff Nicholas Pellegrino, ("Mr. Pellegrino" or "Plaintiff") who is proceeding *pro se*,

initiated this action on April 8, 2025, by filing a Complaint and an Application to Proceed in

District Court without Prepaying Fees or Costs.  He subsequently filed twenty-nine motions

[Doc. Nos. 4-6, 8-9, 13, 25–26, 30–32, 34, 35–37, 40–47, 49, 52, 55–56, 58–59] and an

Amended Complaint. [Doc. No. 22].

For the reasons stated below, the Court DENIES WITHOUT PREJUDICE the Motion for

Leave to Proceed *in forma pauperis* and DENIES the Motion for Protective Measures with leave

to file proposed redacted pleadings for the public record. If Plaintiff wishes to proceed with this

action, the Court grants him until June 27, 2024 to file (1) a renewed Application to Proceed in

District Court Without Prepaying Fees or Costs and (2) a second amended complaint that

provides a basis for this Court's subject-matter jurisdiction and states a plausible claim upon

which relief can be granted. The remaining motions are <u>DENIED WITHOUT PREJUDICE</u> for the reasons set forth below.

## I.    BACKGROUND

On April 8, 2025, Mr. Pellegrino, a resident of Salem, Massachusetts, filed a *pro se* "complaint for defamation, civil conspiracy, false advertising, negligence, obstruction of justice, intimidation, uninvestigated theft, intentional infliction of emotional distress, and vicarious liability for libel" against his wife, Beckton Dickinson ("BD"), a BD sales manager, a social worker, a business man, and unnamed defendants.  [Doc. No. 1]. The complaint asserts federal question and diversity jurisdiction, [*id*. at 3], and seeks monetary damages, "[c]riminal referrals for obstruction of justice and intimidation," a court order "compelling BD to revise its employee conduct polices" and a "public apology from BD for failing to prevent workplace harassment." [*Id*. at 5].

Mr. Pellegrino subsequently filed a "complaint for civil RICO violations" against a dozen additional defendants including his former employer, his landlord, an attorney, a housing court judge and others. [Doc. No. 22]. The RICO complaint was entered on the docket as Mr. Pellegrino's amended complaint. [*Id*.]. For relief, Mr. Pellegrino seeks monetary damages, injunctive relief "preventing further contact or retaliation" and referral for a criminal investigation. [*Id*. at 4].

## II.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

An Application to Proceed in District Court without Prepaying Fees or Costs (also referred to as a motion for lave to proceed *in forma pauperis*) must include "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in*

*forma pauperis*, but must show that the litigant cannot pay the filing fee and enjoy the necessities of life. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Mr. Pellegrino has not provided a complete statement of his assets. In his Application to Proceed in District Court without Prepaying Fees or Costs, he indicates that he is not employed. He represents that in the past year he has received income from "business, profession or other self-employment," but, he does not identify the source such money, the amount received, and the amount he expects to receive. In addition, it is unclear whether he owns anything of value such as a car, real estate or any other item of value. In the absence of such information, Mr. Pellegrino has not provided a complete statement of his assets and the Court cannot determine whether he is eligible for *in forma pauperis* status. The Motion [Doc. No. 2] for Leave to Proceed *in forma pauperis*, is <u>DENIED WITHOUT PREJUDICE</u>.

## III.    SCREENING OF THE COMPLAINT AND AMENDED COMPLAINT

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-cv-40151, 2024 WL 474539, at *2 n.2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is " 'plausible on its face." *Eldredge v. Town of Falmouth*, 662 F.3d 100, 104 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (quotation marks omitted)). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal,* 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. *Iqbal*, 556 U.S. at 678; *see also Ocasio–Hernandez v. Fortuno–Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Generally speaking, federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on

4

the other hand." *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Because Mr. Pellegrino is proceeding *pro se*, the Court will liberally construe his Complaint and Amended Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even with a liberal construction, Mr. Pellegrino's allegations are insufficient to state a claim upon which relief may be granted.

## IV.    DISCUSSION

As an initial matter, it is unclear whether Mr. Pellegrino intended to file an amended complaint or supplement the original complaint. Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental pleadings and provides in relevant part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions to amend pleadings before trial are governed by Rule 15(a) and Mr. Pellegrino may amend his pleading once as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.

Here, both the original complaint and amended complaint fail to state claims upon which relief may be granted. RICO "is a statute that Congress enacted as a tool in the federal government's 'war against organized crime,' to help combat 'enduring criminal conduct.' " *Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521, 527 (1st Cir. 2015) (quoting *United States v. Turkette*, 452 U.S. 576, 587 (1981) and *Libertad v. Welch*, 53 F.3d 428, 445 (1st Cir. 1995) ). "In addition to allowing the criminal prosecution of RICO violators, *see* 18 U.S.C. § 1962, the

5

statute's reach also provides a generous private right of action—successful plaintiffs are entitled

to triple damages if they can prove they were 'injured in [their] business or property by reason of

a violation of section 1962.'" *Id.* (quoting 18 U.S.C. § 1964(c) ). To plead a violation of section

1962(c), Plaintiff must plausibly allege "(1) conduct (2) of an enterprise (3) through a pattern (4)

of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Section

1962(d) also prohibits any person from conspiring to violate § 1962(c)." *United States v.*

*Ramírez-Rivera*, 800 F.3d 1, 18 (1st Cir. 2015). Because RICO's private right of action is

available to persons who have been injured "by reason of" a substantive RICO violation, a

plaintiff may sue "only if the alleged RICO violation was the proximate cause of the plaintiff's

injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006) (citing *Holmes v. Secs.*

*Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). "[C]laims for personal injuries, such as

emotional distress, are not 'business or property' and are not cognizable under RICO." *Zareas v.*

*Bared-San Martin*, 209 F. App'x 1, 2 (1st Cir. 2006) (per curiam) (quoting § 1964(c)).

The amended complaint alleges, in a conclusory fashion, that the defendants "operated as

a coordinated enterprise engaged in repeated criminal acts …. all with the intent to harass,

defame, retaliate against, and financially harm Plaintiff." [Doc. No. 22 at 2]. The vague, non-

specific allegations fail to meet the elements for a RICO claim.

Without a plausible federal claim, the Court will not exercise supplemental jurisdiction

over any defamation or state law claims unless it has diversity jurisdiction pursuant to 28 U.S.C.

§ 1332. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (explaining

that Congress has granted district courts original jurisdiction in federal question cases pursuant to

28 U.S.C. § 1331, and in diversity cases pursuant to 28 U.S.C. § 1332, and that "once a court has

original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction

over additional claims that are part of the same case or controversy").

The Court lacks diversity subject matter jurisdiction over Plaintiff's state law claims because he has not alleged that the parties are of diverse citizenship nor facts from which the Court may reasonably infer that the amount in controversy exceeds $75,000.

To the extent Mr. Pellegrino challenges the validity and lawfulness of rulings and judgments entered by the state courts, this federal court lacks subject matter jurisdiction over such claims because, under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence to overturn state court judgments. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). The *Rooker-Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Thus, this federal court lacks jurisdiction to review the decisions of the state courts.

Moreover, this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine, which addresses the circumstances under which a federal court should abstain given the pendency of parallel state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).  In determining whether to abstain, a court must first determine if the parallel state court proceeding is the qualifying type of proceeding; second, determine if there is ongoing state judicial proceeding that implicates "important state interests and provides an adequate opportunity to raise federal defenses," and third, determine whether any of the exceptions to Younger abstention apply. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192–193 (1st Cir. 2015).

## V.    PLAINTIFF MAY FILE A SECOND AMENDED COMPLAINT

The Complaint and Amended Complaints are subject to dismissal because they fail to allege sufficient facts to establish this Court's jurisdiction and also fails to allege facts sufficient to state a plausible claim upon which relief may be granted. Because "[d]efective allegations of jurisdiction may be amended," *see* 28 U.S.C. § 1653, the Court will permit Mr. Pellegrino to file a Second Amended Complaint.  Any second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

The filing of a second amended complaint completely replaces the original and amended complaints. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011).

## VI.    PLAINTIFF'S MOTION FOR PROTECTIVE MEASURES

Plaintiff filed an emergency motion for protective measures due to his "concern for his safety and well-being, including fear of retaliation or intimidation." [Doc. No. 6 at 1]. Among other things, plaintiff seeks permission to "redact personal information such as his current address and contact information from public court records." [*Id.* at 2]. The motion [Doc. No. 6] is <u>DENIED</u> with leave to file proposed redacted pleadings for the public record. The public has a

presumptive right to judicial records. *See United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013).

Local Rule 7.2 sets forth the process for having confidential information impounded or filed under seal. Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court. The impounded material will be scanned and docketed in CMECF and restricted from public access."

Plaintiff shall, by June 27, 2025, file a motion and memorandum of law that complies with Local Rule 7.2, demonstrating good cause and shall submit proposed redacted pleadings. "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal [or portion thereof], depends on the nature of the filing." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). The Court will review the plaintiff's filings, the proposed redactions, and may accept, reject, or modify such proposed redactions.

## VII.     PLAINTIFF'S EMERGENCY MOTIONS

The Court finds Plaintiff has not satisfied his burden for obtaining temporary and/or preliminary injunctive relief. Motions for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Marquez v. Puerto Rico*, 353 F. 3d 108, 120 (1st Cir. 2003)). Plaintiff did not file a separate memorandum in support of each motion. *See* Local Rule 7.1(b)(1) (requiring a party filing a motion to "at the same time file a memorandum of reasons,

including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

More fundamentally, Plaintiff has not demonstrated that he has a substantial likelihood of success on the merits, which is "[t]he most important" of the four requirements. *Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 92 (1st Cir. 2020). At this preliminary stage in the proceedings, Mr. Pellegrino has failed to demonstrate that he is likely to succeed on the merits of the claims in his complaint and amended complaint. Mr. Pellegrino has not established that he is likely to suffer irreparable harm without an injunction, which is "the essential prerequisite for equitable relief." *Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36, 41 (1st Cir. 2010) (quotation marks omitted). To show irreparable harm, he must rely "on something more than conjecture, surmise, or his unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

Accordingly, the court denies Plaintiff's emergency motions. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

## VIII.   PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed several motions seeking to have the Court appoint him counsel. Although this Court has statutory authority to appoint counsel, there is no constitutional right to a free lawyer in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991). The plaintiff must be "indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23. In determining whether "there are exceptional circumstances sufficient to warrant the

10

appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* At this early stage of the proceedings, the motions for counsel are denied without prejudice.

## IX.    WARNING AGAINST ENGAGING IN REPETITIOUS LITIGATION

Judicial resources are limited and should not be diverted to frivolous or repetitious claims. As the Supreme Court has explained, "every paper filed [with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam). This Court has a "responsibility to see that these resources are allocated in a way that promotes the interests of justice." *Id.* The "continual processing" of "repetitious or frivolous" pleadings "does not promote that end." *Id.* "Federal courts possess discretionary powers to regulate the conduct of abusive litigants" and "[t]his includes the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions." *United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005).

Plaintiff has filed numerous repetitious filings in this action, often several motions at a time. *See, e.g., Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process."). The Court warns Mr. Pellegrino that he could be subject to sanctions should he continue this pattern of litigation. Additionally, Mr. Pellegrino is <u>ORDERED</u> to cease and desist from harassing and intimidating members of the clerk's office. Any further such conduct may result in severe sanctions and penalties.

X.    **CONCLUSION**

In accordance with the foregoing, the Court hereby ORDERS:

(1)    The Motion [Doc. No. 2] for Leave to Proceed *in forma pauperis* is <u>DENIED</u>

<u>WITHOUT PREJUDICE</u>.  Plaintiff shall, by June 27, 2025, either (i) pay the $405.00 filing fee

to the Clerk of Court, or (ii) submit a renewed application demonstrating that he cannot pay the

filing fee while still being able to provide himself and any dependents with the necessities of life.

Failure to do so may result in dismissal of this action.

(2)    If Plaintiff wishes to proceed, he must by June 27, 2025, file a Second Amended

Complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible

claim for relief.  Failure to comply with this Memorandum and Order in the requisite time frame

likely will result in the dismissal of this action.

(3)    The motion for protective measures [Doc. No. 6] is <u>DENIED</u> with leave to file

proposed redacted pleadings for the public record.   To the extent he seeks to have portions of

any pleadings sealed, he shall, by June 27, 2025, file a motion and memorandum of law that

complies with Local Rule 7.2, demonstrating good cause and shall submit proposed redacted

pleadings.  The Court will review the plaintiff's filings, the proposed redactions, and may accept,

reject, or modify such proposed redactions.

(4)    The remaining motions [Doc. Nos. 4–5, 8–9, 13, 25–26, 30–32, 34, 35–37, 40-47,

49, 52, 55–56, 58–59] are <u>DENIED</u>.

**SO ORDERED.**

 /s/ Myong J. Joun
Myong J. Joun
United States District Judge
