UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NICHOLAS PELLEGRINO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-10861-MJJ |
| BECTON, DICKINSON AND COMPANY (BD), et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

July 7, 2025

JOUN, D.J.

Nicholas Pellegrino, ("Mr. Pellegrino" or "Plaintiff") who is proceeding *pro se*, initiated this action on April 8, 2025, by filing a Complaint and an Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. Nos. 1–2].

By Memorandum and Order dated June 2, 2025, Mr. Pellegrino's Motion for Leave to Proceed *in forma pauperis* was denied without prejudice and he was granted until June 27, 2024, either to pay the filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs demonstrating that he cannot pay the filing fee while still being able to provide himself and any dependents with the necessities of life. [Doc. No. 61]. The Memorandum and Order further stated that failure to do so may result in dismissal of this action. [*Id.*].

The Memorandum and Order stated that if Mr. Pellegrino wishes to proceed, he must file a Second Amended Complaint that asserts a basis for this Court's subject matter jurisdiction and

states a plausible claim for relief. [*Id.*]. The Memorandum and Order further stated that failure to comply by June 27, 2025, likely will result in the dismissal of this action. [*Id.*].

Mr. Pellegrino's Motion for Protective Measures was denied with leave to file proposed redacted pleadings for the public record and the approximately two dozen remaining motions were denied. [*Id.*]. Because it is deemed an abuse of the judicial process, Mr. Pellegrino was warned that he could be subject to sanctions should he continue to file repetitious motions in this action. [*Id.*].

The following day, on June 3, 2025, Mr. Pellegrino filed a motion for recusal. [Doc. No. 63]. Plaintiff asserts that I should recuse myself from his case because he is dissatisfied with rulings I made on his motions and the fact that his motions remained pending for approximately two months. [*Id.*]. Plaintiff seeks, among other things, reassignment of "this motion and case to a different, impartial judge or judicial officer for review and determination, thereby removing the presiding judge from all further proceedings." [*Id.* at 3].

Since June 4, 2025, Mr. Pellegrino has filed the following motions: Motion for Recusal [Doc. No. 63]; Motion for TRO [Doc. No. 66]; Motion to Declare [Doc. No. 69]; Motion for Protective Immunity [Doc. No. 71]; Motion to Place Musical Works in Escrow [Doc. No. 72]; Motion for Interlocutory Escrow [Doc. No. 73]; Motion to Amend [Doc. No. 74]; Motion for TRO [Doc. No. 85]; Motion for Leave to File Document [Doc. No. 86]; Motion to Vacate Judgment by Alexia Pellegrino [Doc. No. 88]; Motion to Continue [Doc. No. 89]; Motion for Order to Show Cause [Doc. No. 90]; Motion for Judicial Recusal [Doc. No. 92]; Motion for Relief for Violation Restraining Order [Doc. No. 97]; Motion to Recognize and Affirm Preemptive Immunity [Doc. No. 98]; Motion to Clarify and Enforce Judicial Recusal Procedures [Doc. No. 99]; Motion to enter on Record Relief Request of $1,000,000,000 [Doc. No. 100];

Motion to Reject Immunities [Doc. No. 102]; Motion for Order [Doc. No. 103]; Motion to Take Judicial Notice [Doc. No. 104]; Motion to take Judicial Notice [Doc. No. 105] ; Motion for Clarification and Reconsideration [Doc. No. 107]; and Motion to Amend [Doc. No. 112].

As to the motion for recusal, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). This is true even if, as Plaintiff contends, my earlier rulings were erroneous. *See In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) ("That principle applies even to misjudgments: a judge's erroneous rulings will not ordinarily be enough to warrant a writ of mandamus to the judge to recuse himself or herself"); *see also Liteky*, 510 U.S. at 555 ("[Judicial rulings] are proper grounds for appeal, not for recusal"). For these reasons, I find that an objective, knowledgeable person would not find from these facts a reasonable basis for doubting my impartiality in this proceeding under the standards set forth by the Supreme Court and First Circuit Court of Appeals. Accordingly, Plaintiff's motion will be denied.

Although Mr. Pellegrino has filed more than two dozen documents since the Court issued the Memorandum and Order on June 2, 2025, he has not paid the filing fee nor filed a renewed Application to Proceed in District Court Without Prepaying Fees or Costs and the time to do so expired.  In addition, he has not filed a Second Amended Complaint, despite the fact that he has filed a series of amended complaints and motions to amend. It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a party's failure to prosecute his action and his failure to follow the Court's orders.  Accordingly, for the failure to comply with the June 2, 2025 Memorandum and Order, this action will be dismissed without prejudice.

Based upon the foregoing, it is hereby ORDERED:

(1)  The Motion [Doc. No. 63] to recuse is <u>DENIED</u>.

(2)  For the failure to comply with the June 2, 2025 Memorandum and Order [Doc. No. 61], this action is <u>DISMISSED WITHOUT PREJUDICE</u>.

(3)  The remaining motions [Doc. Nos. 66, 69, 71–74, 85-86, 88-90, 92, 97-100, 102-105, 107, 112] are <u>DENIED</u>.

(4)  Unless represented by counsel, Nicholas Pellegrino, is hereby <u>ENJOINED</u> from commencing any new action on the civil docket of this Court without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.

(5)  The petition to commence a new action must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.

(6)  The petition must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket (currently $52.00) or a motion for leave to proceed without prepayment of that fee.

(7)  The Clerk shall accept the petition and the accompanying documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket.

(8)  Any documents which are submitted for filing by Pellegrino in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned to the Plaintiff.

(9)  In addition, with the exception of a notice of appeal or a motion to appeal *in forma pauperis*, Pellegrino shall not file any further documents in this action. Failure to comply with this Order may result in sanctions. If the Clerk accepts documents submitted in violation of

this Order, said documents shall not be docketed as motions (even if Pellegrino designates them as such), and the Court will not take any action on them.  At the Clerk's discretion, the Clerk may return to Pellegrino documents submitted in violation of this Order.

**SO ORDERED.**

                                                                    /s/ Myong J. Joun
                                                                    Myong J. Joun
                                                                    United States District Judge